IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HARRY JAMES SMITH,  :
                    :
     Petitioner,    :
                    :
v.                  :   Civil Action No. 04-1291-JJF
                    :
THOMAS CARROLL,     :
Warden, and M. JANE :
BRADY, Attorney General :
of the State of    :
Delaware,          :
                    :
     Respondents.   :

_____

Harry James Smith.  <u>Pro Se</u> Petitioner.

Thomas E. Brown, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

_____

**MEMORANDUM OPINION**

October 7, 2005
Wilmington, Delaware

*Joseph J. Farnan Jr.*
Farnan, District Judge

## I. INTRODUCTION

Petitioner Harry James Smith is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the Court is Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition"). (D.I. 2.) For the reasons that follow, the Court concludes that Petitioner's Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. BACKGROUND

In December 1998, Petitioner robbed the same branch of a Wilmington bank two times. On January 13, 2000, Petitioner pled guilty to two counts of first degree robbery, possession of a deadly weapon during the commission of a felony, and possession of a weapon by a person prohibited. On January 19, 2000, the Superior Court sentenced him to an aggregate term of nine years incarceration at Level V. Petitioner did not appeal his convictions or sentences.

Instead, Petitioner filed the following motions for modification of sentence and petitions for the writ of habeas corpus in the Superior Court: (1) January 27, 2000 - petition for the writ of habeas corpus; (2) February 25, 2000 - motion for modification of sentence; (3) July 12, 2000 - petition for the writ of habeas corpus; and (4) January 19, 2001 - motion for

1

modification of sentence. The Superior Court denied all of these motions and petitions, and Petitioner did not appeal any of these decisions.

Finally, on May 13, 2002, Petitioner filed a motion for modification/correction of sentence, which the Superior Court denied on August 5, 2002. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. Smith v. State, 812 A.2d 900 (Table), 2002 WL 31795960 (Del. Dec. 13, 2002).

**III.  DISCUSSION**

Petitioner's pro se petition for federal habeas relief, dated September 20, 2004, asserts four claims: (1) there is an unspecified error regarding a violation of probation ("VOP") finding, and the VOP sentence violated his right against Double Jeopardy; (2) the prosecution's Rule 16 discovery (Del. Super. Ct. Crim. R. 16) erroneously alleged that Petitioner possessed a weapon in September 1979; (3) prosecutorial misconduct occurred when the prosecutor orally alleged that Petitioner possessed a weapon in September 1979; and (4) the prosecution presented false evidence in the indictment. (D.I. 2.)

Respondents ask the Court to dismiss the Petition as time-barred. (D.I. 9, at 2.)

Petitioner's habeas Petition is ready for review.

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 Petition, dated September 20, 2004, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's

conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner does not appeal a state court judgment, then the conviction becomes final on the "date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999); see 28 U.S.C. § 2244(d)(1). In the present case, the Delaware Superior Court sentenced Petitioner on January 19, 2000, and he did not appeal. In Delaware, a notice of appeal must be filed within thirty days after a sentence is imposed. See 10 Del. Code Ann. § 147; Del. Supr. Ct. R. 6(a)(ii). Consequently, Petitioner's conviction became final for the purposes of § 2244(d)(1) on February 18, 2000. Thus, to timely file a habeas petition with this Court, Petitioner needed to file his § 2254 petition no later than February 18, 2001.

Petitioner's Petition is dated September 20, 2004, and the Court adopts this date as the presumptive filing date.[1] Therefore, unless the limitations period can be statutorily or

---

[1] A pro se prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner's habeas petition is dated September 20, 2004, and presumably, he could not have presented it to prison officials for mailing any earlier than that date. As such, the Court adopts February 13, 2004 as the presumptive filing date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

equitably tolled, Petitioner filed his habeas petition too late. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999).

### B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). Procedural requirements include "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). However, a "properly filed" state post-conviction application will only toll the AEDPA's limitations period if it was filed and pending before the expiration of the AEDPA's limitations period. See Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002).

Here, Petitioner's state petitions for the writ of habeas corpus constitute state applications for post-conviction relief as contemplated by § 2244(d)(2). See, e.g., Rhines v. Weber, -

U.S. -, 125 S.Ct. 1528, 1532 (2005)(noting that the AEDPA's one-year limitations period "was tolled while Rhines' state habeas corpus petition was pending"). Assuming that Petitioner's numerous motions for modification of sentence[2] also fall within § 2244(d)(1)'s ambit, the statutory tolling analysis proceeds as follows.

Petitioner filed a petition for the writ of habeas corpus on January 27, 2000, and the Superior Court denied it on the same day. Although he did not appeal this decision, the 30-day appeal period must be counted in the tolling computation. See Stokes v. District Attorney, 247 F.3d 539 (3d Cir. 2001); Swartz, 204 F.3d 417; see generally Carey v. Saffold, 536 U.S. 214 (2002); Del. Supr. Ct. R. 6(a)(a notice of appeal must be filed within 30 days after the entry of post-conviction judgment). As such, this petition tolled the limitations period from January 27, 2000 through February 26, 2000.

However, Petitioner filed a motion for modification of sentence on February 25, 2000, which the Superior Court denied on March 13, 2000. Again, Petitioner did not appeal, but, counting

---

[2]Respondent's Answer suggests that Petitioner's motions for modification of sentence do not trigger the statutory tolling mechanism of § 2244(d)(1). However, Respondent also states that, even if these motions do trigger statutory tolling, Petitioner's Petition is still time-barred. The Court agrees that the Petition is time-barred even if these motions statutorily toll the limitations period. Thus, the Court will refrain from analyzing whether these motions constitute state applications for post-conviction relief as contemplated by § 2244 (d)(1).

the 30-day appeal period in the computation, the modification of sentence motion tolled the limitations period through April 14, 2000.

Together, these two overlapping applications for post-conviction relief tolled the AEDPA's limitations period from January 27, 2000 through April 14, 2000. When Petitioner filed his petition for the writ of habeas corpus on January 27, 2000, however, his judgment of conviction had not yet become final. Therefore, when the AEDPA's limitations period started to run on April 15, 2000, Petitioner had the full one-year period in which to file his habeas petition.

The limitations period ran for 89 days until July 12, 2000, when Petitioner filed another petition for the writ of habeas corpus. The Superior Court denied the petition on July 21, 2000, and Petitioner did not appeal. As such, the petition tolled the limitations period from July 12, 2000 through August 21, 2000.[3] When the limitations period resumed again on August 22, 2000, Petitioner had 276 days left in the one-year period.

The limitations period ran for another 150 days until Petitioner filed another motion for sentence modification on January 19, 2001. The Superior Court denied the motion on March

---

[3]The last day of the 30-day period actually fell on August 20, 2000, but because that day was a Sunday, the period was extended through Monday August 21, 2000. See Del. Supr. Ct. R. 11(a).

7, 2001, and because Petitioner did not appeal, the motion tolled the limitations period from January 19, 2001 through April 6, 2001. Thus, when the limitations period resumed on April 7, 2001, Petitioner had 126 days remaining in his one-year filing period.

The limitations period ran without interruption until it expired on August 11, 2001.[4] Thus, even with statutory tolling, Petitioner's filing date of September 20, 2004 is too late. The next issue is whether equitable tolling can render the Petition timely.

### C. Equitable Tolling

It is well-settled that the AEDPA's limitations period may be subject to equitable tolling, but federal courts apply this doctrine sparingly. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998); United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998); Thomas v. Snyder, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). The one-year limitations period will be tolled "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting Midgley, 142 F.3d at 179).

---

[4]Petitioner filed another motion for modification of sentence on May 13, 2002. However, because this motion was filed after the expiration of the AEDPA's limitations period, it has no statutory tolling effect.

8

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159.

Petitioner has not alleged, and the Court cannot discern, any extraordinary circumstances that prevented him from complying with the AEDPA's limitations period. To the extent Petitioner made a mistake or miscalculation regarding the one-year period, such mistakes do not justify equitable tolling. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Thus, equitable tolling is not warranted in this situation.

Accordingly, the Court will dismiss the Petition as time-barred.

**IV.  CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254

petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court finds that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, a certificate of appealability will not be issued.

## V. CONCLUSION

Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. An appropriate Order will be entered.